UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVELYN J. HUNDT,<br><br>             Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, [1] Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:18-cv-02011-DJA<br><br>**ORDER** |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Evelyn J. Hundt's ("Plaintiff") applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 18), filed on February 8, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 19, 21), filed on March 8 and 11, 2019. Plaintiff filed a Reply (ECF No. 22) on March 28, 2019.

**I.    BACKGROUND**

    **1.    Procedural History**

On January 17, 2015, Plaintiff protectively applied for disability insurance benefits, and supplemental security income, alleging an amended onset date of April 1, 2015. AR[2] 394-95 and 396-402. Plaintiff's claims were denied initially, and on reconsideration. AR 263-66 and 269-73. A hearing was held before an Administrative Law Judge ("ALJ") on August 14, 2017. AR 167-

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

204. On October 18, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 126-53. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on August 21, 2018. AR 1-4. On October 18, 2018 Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920.[3] AR 129-147. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of April 1, 2015 through the date of the decision. AR 131. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of affective/mood disorder, anxiety related disorder, and asthma. *Id*. at 131-32. He also found Plaintiff's fibromyalgia to be non-severe and considered her obesity in accordance with SSR 02-01p. *Id.* at 132.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 133. He rated the paragraph B criteria as mild, moderate, moderate, and mild. *Id.* at 133-34. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she must avoid concentrated exposure to chemicals and pulmonary irritants such as smoke, dust, fumes, odors, gases and poorly ventilated areas, avoid even moderate exposure to hazardous machinery, unprotected heights and operational control of moving machinery, must never operate a motor vehicle, and is limited to simple tasks, typical of unskilled occupations with no production rate pace work, only occasional interaction with coworkers, and no interaction with the public. *Id*. at 134-35.

---

[3] The regulations relevant to Title II and Title XVI claims are almost identical; the Court will only cite Title II regulations for the remainder of this Order.

The ALJ found that Plaintiff is not capable of performing any past relevant work. AR 144-45. At step five, the ALJ found Plaintiff to be a younger individual age 18-49 on the alleged disability onset date, have at least a high school education, able to communicate in English, and transferability of job skills not material, and there are jobs that exist in significant numbers in the national economy that she can perform. *Id.* at 145. The ALJ considered the Medical-Vocational Rule 202.21 along with the erosion of the unskilled light occupational base due to the additional RFC limitations and relied on vocational expert testimony to find the following jobs were capable of being performed: at the light exertional level - mail clerk, stock checker, and routing clerk and at the sedentary exertional level – document preparer, jewelry preparer, and lens inserter. *Id.* at 146. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from April 1, 2015 through the date of the decision. *Id.*

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines

substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. §

404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20

---

[4] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience. 20 C.F.R. §

404.1520(g). If he/she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

**a. Whether the ALJ's RFC Limitations Are Supported In Light of the Opinion Evidence**

Plaintiff contends that the RFC limitations to simple tasks, typical of unskilled occupations with no production rate pace work, only occasional interaction with coworkers, and no interaction with the public was not restrictive enough given Dr. Newman's and Dr. Eckert's opinions. (ECF No. 16, 11-12). She argues that because the representative jobs listed in the ALJ's step five finding are not classified as reasoning level 1 and she should have been limited to very short instructions with a marked limitation in performing detailed, then remand is warranted. (*Id.* at 12). Plaintiff also contends that the ALJ's rejection of state agency consultants' opinions that Plaintiff is limited to six hours of standing/walking and six hours of sitting in an eight-hour work day, which would limit her to sedentary work, is not supported. (*Id.* at 12-16).

The Commissioner responds that Plaintiff has failed to show a conflict between the jobs cited at step five and the assigned RFC mental limitations set forth by the ALJ. (ECF No. 21, 4-6). Furthermore, the Commissioner contends that the ALJ does not rely on DOT reasoning levels, but rather, considers if the work is unskilled, semi-skilled, or skilled. (*Id.* at 5). Because the evidence shows that Plaintiff is able to perform at the unskilled work level, then the Commissioner argues that the ALJ's step five jobs are supported by substantial evidence. (*Id.* at 6). Also, the Commissioner claims that the medical opinions from the State agency consultants Dr. Roth and Dr. Reed do not conflict with the RFC limitation to light work as SSR 83-10 defines light work as stand/walk six hours and sit six hours. (*Id.*).

Plaintiff replies that the Commissioner relies on outdated law and fails to address her argument that the ALJ ignored the opinions of Dr. Newman and Dr. Eckert in assessing mental

1 | limitations in the RFC. (ECF No. 22). She also contends that she is unable to perform the jobs listed in the ALJ's step five finding due to the reasoning level being higher than 1. (*Id.* at 5). Finally, Plaintiff contends that SSR 83-10 does not save the ALJ's error in crafting the RFC limitations regarding sitting, standing, and walking. (*Id.* at 6).

The Court finds that ALJ's evaluation of the opinion evidence is supported by substantial evidence. In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

Here, the ALJ assigned the physical consultative examiner's opinion and the State agency medical consultants' opinions some weight while noting he gave greater weight to the light exertional level and irritants findings that he adopted in the assigned RFC. AR 143. The ALJ evaluated the mental consultative examiner's opinion from Dr. Eckert and that State agency psychological consultant's opinion and assigned some weight; again, the ALJ noted that he assigned greater weight to the moderate social functioning and moderate concentration, persistence and pace limitations that he found consistent with the record. AR 144. Further, the ALJ assigned partial weight to Dr. Malone's opinion with great weight to Plaintiff's activities as opposed to Plaintiff's limitations. *Id.*

In reviewing the ALJ's opinion evidence assessment, the Court is not persuaded by Plaintiff's argument that the ALJ was required to assign more weight to the opinions than he did nor that the ALJ was required to further limit the mental RFC limitations assigned to Plaintiff. The ALJ provided clear reasons based on his overall review of the record, the examination findings, and Plaintiff's self-reports as the basis for the weight assigned. AR 143-144. Accordingly, to the extent that Plaintiff challenges that weight assigned to the opinions and the assigned RFC limitations, under these circumstances, the ALJ's findings are entitled to deference.

*See Lewis v. Astruethe*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.").

Likewise, to the extent that Plaintiff challenges the three jobs cited at step five as not conforming with the mental RFC limitations assigned by the ALJ, the Court finds that argument meritless. The Ninth Circuit has found that the DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). As such, ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir.1990) (citations omitted); *see also* 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information). Accordingly, an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefore. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53. Failure to inquire is a harmless error when there is no apparent conflict or the vocational expert provides sufficient support to justify deviation from the DOT. *Id.* at 1154 n. 19. Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality or inferences drawn from the context of the vocational expert's testimony. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (as amended) (citations omitted).

Here, the Court finds that the ALJ properly relied on the vocational expert to pose a hypothetical question containing the assigned RFC limitations, the jobs cited have a SVP of 2, and the light and sedentary options appropriately accommodate the sitting, standing, and walking limitations included in the assigned RFC. AR 201. The Ninth Circuit addressed the issue of whether a RFC limitation to simple tasks is compatible with a GED reasoning level 3 job in *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015).[1] There the Ninth Circuit found that because the ALJ failed to recognize an inconsistency and did not ask the expert to explain why a person with

---

[1] The Ninth Circuit joined the Tenth Circuit's position that found an apparent conflict between a job requiring reasoning level 3 and a RFC limitation to simple tasks. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). In contrast, the Seventh and Eighth Circuits have found no apparent conflict between a job requiring reasoning level 3 and a RFC limitation to simple work. *See Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007).

the plaintiff's limitation could meet the demands of level 3 reasoning it was not a harmless error. *Id.* The Court finds that the *Zavalin* case is not comparable to the situation here. *Id.* The ALJ was able to infer from the entirety of the record and his observations of her during the hearing that she could perform unskilled jobs, such as those cited at step five. Similarly, the Court is able to infer from the AR and the hearing transcript that Plaintiff is capable of performing unskilled jobs based on her education, past relevant work, and vocational expert testimony. Even if the ALJ was required to give an explanation in his decision of the specific mental RFC limitations assigned and how they accommodate level two reasoning jobs, the Court finds it is a harmless error. Therefore, the Court finds that the ALJ's RFC and step five findings are supported by substantial evidence.

### b. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony

Plaintiff contends that the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's subjective complaints of symptoms and limitations. (ECF No. 16, 16-21). She argues that the ALJ cherry-picked evidence in the record to support the assigned RFC and reject Plaintiff's subjective testimony. (*Id.* at 20). The Commissioner responds that the ALJ's evaluation of Plaintiff's complaints is supported based on the medical record not corroborating the extreme degree of limitations described by Plaintiff, her inconsistent statements, her activities of daily living showing she could function at a higher level, and Plaintiff's demonstrated capabilities during the hearing. (ECF No. 21, 7-9). Also, the Commissioner argues that the ALJ did not take isolated excerpts from the medical evidence to support his evaluation, but rather, highlighted some of the evidence that contradicted Plaintiff's testimony. (*Id.* at 9-10). Plaintiff replies that the ALJ's reliance on observations of Plaintiff's mental state during the hearing is misplaced and the Commissioner's summary of the medical record as symptom free is untrue. (ECF No. 22, 7).

While an ALJ must consider a plaintiff's representations about her symptoms and limitations, her statements about her "pain or other symptoms will not alone establish that" she is disabled. 20 C.F.R. § 404.1529(a). In fact, an "ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result

plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding).

The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3 clarified that ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

Here, the Court finds that the ALJ properly articulated clear and convincing reasons for rejecting Plaintiff's testimony. He noted the medical treatment in the record that conflicts with Plaintiff's claim of disabling level pain and symptoms. AR 135-142. Specifically, he highlighted that Plaintiff's course of treatment has been conservative and she has not required pain management by a specialist. AR 142. *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (pain complaints properly rejected where the ALJ "reasonably noted" evidence that pain had come under control).

The ALJ also noted that the record did not contain any opinion evidence from treating or examining physicians that indicated greater physical RFC limitations. AR 143. As such, the medical opinion evidence supports the ALJ's finding that Plaintiff's testimony is inconsistent

with the overall record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (medical source reports support the ALJ's determination). He also compared the opinion evidence to Plaintiff's reported activities of daily living, which alleged a disabling level of symptoms. AR 143. Moreover, the ALJ highlighted Plaintiff's inconsistent statements that undermined the credibility of her claims. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."); *see also Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly found claimant "demonstrated better abilities than he acknowledged in his written statements and testimony"). After a careful review of the ALJ's evaluation of Plaintiff's alleged limitations and pain and other symptoms, the Court finds that she complied with SR 16-3 and the Ninth Circuit standard such that it may not substitute its judgment for that of the ALJ's. *See Burch*, 400 F.3d at 679. Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible legal error.

## III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 16) is **denied**.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 19) is **granted**.

The Clerk shall enter judgment accordingly and close the case.

DATED: February 10, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE